**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| **Lonnie K. Murrill,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **Otis Merritt, et. al.,** ) <br> ) <br> **Defendants** ) <br> ) | **Civil Case No. DKC 17-2255** |

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Lonnie K. Murrill's "Petition for Reimbursement of Reasonable Attorney's Fees and Costs." (ECF No. 43-1) ("Petition"). Defendant filed his opposition thereto (ECF No. 44) ("Opposition"), and Plaintiff Murrill filed a reply (ECF No. 51) ("Reply"). The Court has reviewed the submissions and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **GRANTS** the Petition and awards attorney's fees and costs, as set forth more fully herein.

**I.   BACKGROUND**

Lonnie K. Murrill ("Plaintiff") brought this action against Warden Otis Merritt ("Defendant") under 42 U.S.C. § 1983, alleging a violation of his constitutional rights stemming from the failure to protect him from an assault by a fellow inmate at the Baltimore City Detention Center. (ECF Nos. 3, 24).[1] On May 1, 2019, Plaintiff served Defendant with document requests and interrogatories, which had a due date of May 31, 2019. (Petition at 1-2). The Defendant

---

[1] Plaintiff's Complaint and First Amended Complaint were filed *pro se*. On January 18, 2019, pro bono counsel was appointed to represent Plaintiff, who later filed a Second Amended Complaint adding additional defendants after the Motion to Compel was resolved. (ECF No. 45).

missed that deadline, as well as three other deadlines. (*Id*. at 2-3). Defendant ultimately responded in part to the discovery requests, but only after Plaintiff filed a motion to compel full responses. (*Id.* at 3). On August 8, 2019, Plaintiff filed a motion to compel Defendant's discovery responses, and also sought attorney's fees.[2] (ECF No. 33). Defendant opposed the motion, and Plaintiff filed a reply. (ECF No. 34, 35).

On September 20, 2019, the Court conducted a hearing on the motion to compel. (ECF No. 41). On September 23, 2019, the Court granted the motion, and ordered: the Defendant to provide responses to the discovery requests, and the parties to meet and confer within seven days following the hearing as well as resolve all outstanding discovery issues. (ECF No. 42). The Court also awarded attorney' fees to the Plaintiff. (ECF Nos. 41, 42). Furthermore, the Court ordered Plaintiff to file a motion, within thirty (30) days of the entry of the order, for attorney's fees and costs associated with the filing of the renewed motion to compel. *Id*. Plaintiff filed the Petition requesting $11,910 in attorney's fees and $252.94 in costs (Petition at 11).

## II.   DISCUSSION

### A. Plaintiff's Request for Attorney's Fees/Costs and the Opposition Thereto

Plaintiff requests fees for 34.4 hours of attorney work, and .8 hours of paralegal work, for a total of 35.2 hours. (Petition at 21-22). Plaintiff offers a declaration, a billing statement, and profiles of the three attorneys for whom he seeks fees. (*Id.* at 21-22; ECF No. 51-1, pp. 1-11). The supporting documentation is further broken down as follows: Maurice Bellan, who has 20 years' legal experience, billed at a rate of $475.00/hour for approximately 8 hours of work; Andrew Riccio, who has 8 years' legal experience, billed at a rate of $300.00/hour for 12.1 hours of work; and Graham Cronogue, who has 6 years' experience, billed at a rate of $300.00/hour for 13.9 hours

---

[2] Plaintiff also sought an extension of time by which to file an Amended Complaint. (ECF No. 43).

of work. (Petition at 21-22; ECF No. 51-1, at 1-11). The time entries identify the following categories of work performed: communications with defense counsel; "Interrogatories, Document Production, and Other Written Discovery;" and motions practice, including preparation of motion to compel and reply. (*Id.*). The paralegal work is for filing a motion for one of the attorneys to appear *pro hac vice* to argue the motion to compel before the Court. (*Id.*).

Plaintiff's counsel principally advances four arguments in support of the fees requested, citing to four *Johnson*[3] factors (Factors One, Three, Four, and Five). First, that even though appointed to represent Plaintiff *pro* bono, counsel "represented him as they would any other client, staffed the case as they would. . .for a paying client, and expended the same efforts as they would [for a paying client]." (Petition at 5). Second, the skill required expending 32.5 hours. Third, the opportunity cost involved both the "delay" in developing Plaintiff's case, and the diversion of resources from other "individual billing portfolios." Fourth, it is customary for counsel to be awarded fees in the amounts sought, and counsel exercised "billing judgment" and reduced their standard billing rates. (Petition at 5-7). Thus, both the rates sought and all of the hours billed are reasonable.

In the Opposition, the Defendant counters with four main arguments. First, that the hourly fee reimbursement rates are too high for all three attorneys because each seeks the maximum rate applicable. Specifically, when analyzing the "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases," Appendix B, December 2018 ("the Guidelines"), the maximum rate is sought for two senior associates, even though they only have one or three more years, respectively, than the minimum level set; and the maximum amount of fees are sought for the partner, even though he has the "minimum years of experiences in that range." (Opposition at 3-4). Second, the

---

[3] *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

prevailing rates in Baltimore are lower than those in the District of Columbia. Third, that the motion to compel was "common" (no novel issues), and the use of three attorneys billed at the maximum rates per the Guidelines is unreasonable. Fourth, that the number of hours billed in unreasonable; there are too many attorneys who were not necessary either for drafting the motion or resolving the discovery disputes. (Opposition at 5-6). Thus, Mr. Bellan's rate should be reduced to $400, Mr. Riccio's rate should be reduced to $200, and Mr. Cronogue's rate should be reduced to $180. (Opposition at 5). In addition, Defendant seeks a reduction of 25% of the requested number of hours for the "excessive and unreasonable billing." (Opposition at 7). Finally, the Defendant does not object to the reimbursements sought for paralegal work or the legal research performed.

Plaintiff's counsel replies, in essence, that they "exercised billing judgment by only requesting reimbursement for tasks directly pertinent to the Motions." (Reply at 2-3). Mr. Bellan also claims that the staffing was reasonable, given that "at the time of his court appointment *pro bono* counsel expected this to be a high-caliber federal litigation with a skilled opponent," and Defendant's conduct necessitated his involvement. (Reply at 3). Finally, the attorney fee rates sought are "presumptively" and "actually" reasonable, given the attorneys' experience. (Reply at 4-5).

### B. Legal Standard

As an initial matter, Plaintiff is indisputably entitled to attorney's fees. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court awarded attorney' fees to the Plaintiff, finding that: (a) he had acted in good faith before filing the motion; (b) the Defendant's untimely responses were not substantially justified; and (c) there were no other circumstances that would make the award of the

attorney's fees unjust. (ECF Nos. 41, 42). The question remains, however, what are reasonable rates and a reasonable number of hours.

### C. Reasonableness of Fees

A court determines the amount of attorney's fees to award by first calculating the "lodestar figure." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The lodestar figure equals the number of reasonable hours expended by counsel multiplied by a reasonable hourly rate. *Id*. A court next examines twelve factors, the *Johnson* factors, to determine the "reasonable" hours and rates:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*See Robinson*, at 243-44 (internal quotation marks omitted) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)) (adopting the factors specified by *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974))). A court is not required to evaluate all twelve *Johnson* factors. *Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 836 (D. Md. Aug. 6, 2005).

The Court also relies upon the Guidelines. As relevant here, the following apply:

b. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300;

e. Lawyers admitted to the bar for twenty (20) years or more: $300-475

f. Paralegals and law clerks: $94-150.

Loc.R. App'x B ¶ 3 (footnote omitted). Although they are not binding, because the Guidelines presumptively set forth ranges of reasonable hourly rates based on an attorney's years of

5

experience, the Court will rely upon them. *See Gonzales v. Caron*, Civ. No. CBD-10-2188, 2011 WL 3886979, at \*2 (D. Md. Sept. 2, 2011).

The party seeking attorney's fees bears the burden of establishing the reasonableness of those fees. *Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.*, DKC-06-3177, 2012 WL 4324881, at \*6 (D. Md. Sept. 18, 2012). In addition, even if the billing rate is reasonable, the party seeking fees must "show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, Case No. 07-cv-065, 2008 WL 2397330, at \*4 (W.D. Va. June 12, 2008).

When analyzing the reasonableness of the fees requested, the Court finds *Johnson* factors one, two, three, four, five, and nine to be most relevant.

As to factors three and nine, *Johnson* instructs the court to "closely observe the attorney's work product, his preparation, and general ability before the court." 488 F.2d at 718-720. Here, Mr. Bellan clearly has significant civil rights law litigation experience, as reflected in his declaration. (*See* Petition at 14-15). Regarding Messers. Riccio and Cronogue, it is not of great significance to this Court that the junior attorneys lack specific experience in civil rights law, as they possess litigation experience and are supervised by Mr. Bellan. Thus, the Court find that Plaintiff's counsel has the requisite experience, skill, and ability to represent Plaintiff's interests.

Factor one is relevant because Plaintiff's counsel spent a significant amount of time trying to get Defendant to respond to the discovery requests, which necessitated the filing of the motion to compel. However, as set forth below, the amount of time spent on the motion appears excessive. Regarding factor four, counsel was appointed to represent Plaintiff *pro bono*, and the records support a significant number of hours dedicated to the motion to compel and communications with

Defendant's counsel re: the discovery at issue. The Court finds credible that these issues diverted counsel's time away from "other billing portfolios."

With respect to factor five, counsel spends time highlighting their firm's usual attorney fee rates, and appears to argue that because those rates are significantly higher than the Guidelines, the rates requested at the top of the range for all three of them are presumptively reasonable. First, this Court does not believe counsel's usual rates are the appropriate metric; rather, the Guidelines' rates are "more representative of a broader range of fees charged by practitioners appearing in federal court in Maryland." *Kreuze v. VCA Animal Hosps., Inc.*, Case No. PJM 17-1169, 2019 WL 2107263, (D. Md. May 14, 2019). Second, the Court disagrees that a fee at the top of the applicable guideline is appropriate as it relates to Mr. Cronogue. While his biography *generally* reflects some litigation experience, it is not particularized, and he has only one year's experience more than the bottom of the Guidelines range. (Reply at 9). Thus, a rate reduction for his role as of the date of the Petition would be appropriate. *Compare Proa v. NRT Mid Atl., Inc.,* AMD05-2157, 2009 WL 1681982, at *6-7 (D. Md. Feb. 13, 2009)(reduction in hourly rate appropriate based on attorney's experience level). However, as set forth below, the Court will do an overall downward adjustment. Regarding Messrs. Bellan and Riccio, the declaration and their biographies reflect a significant amount of experience that leads the Court to accept the rates sought without any discounting.

With respect to factor two, a review of the motion to compel does not cause this Court to find that it involved any particularly novel or difficult issues, especially not one that required three attorneys working on it. Relatedly, given the claimed level of experience of the three attorneys and the relative lack of complexity, the amount of time spent on the motion is excessive. For example, Mr. Bellan is a highly experienced attorney; however, he billed for 6.4 hours for "discussion regarding discovery deficiencies" and "attend[ing] to motion to compel issues." (Petition at 21-

22). This is on top of the other attorneys spending at least an additional 21 hours on the motion to compel (*Id.*). Moreover, some of the time entries for the associates appear unclear and possibly duplicative. In sum, some reduction seems appropriate. *Compare Key Gov't Fin., Inc. v. E3 Enter. Inc.,* 2 F.Supp. 3d 741, 754-755 (D. Md. 2014)(overstaffing matter by using six attorneys and three paralegals and duplication of work merited reduction).

However, Plaintiff's counsel also made clear that they do not seek reimbursement for all tasks related to the motion to compel, including the multiple attempts to "track down and communicate with Defendant's counsel." (Reply at 3). A review of the supporting documentation supports this representation. (Petition at 21-22). This Court finds that Plaintiff's counsel appropriately exercised billing judgment and, therefore, will find that only a reduction of $1,000 is appropriate to account for its previously-articulated concerns. This amount, in effect, reduces the billing rate for Mr. Cronogue, and constitutes a deduction for the number of people who worked on the motion. *Compare Dause v. Broadway Servs. Inc.*, JKB 11-3136, 2012 WL 1131524, at *2 (D. Md. Apr. 3, 2012)(reducing attorneys' fees to a collective amount given the attorneys' experience and complexity of the matter).

Finally, the Court has reviewed the records submitted related to paralegal work performed, and I find that rate to be reasonable and uncontested by the Defendant.

### D. Costs

Plaintiff references $252.44 in costs associated with legal research conducted, which is compensable under the Guidelines. Loc.R. App'x B ¶ 4. The additional 50 cents sought or postage is not unreasonable. Moreover, Defendant does not object to either expense.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and awards Plaintiff $10,910.00

in attorney's fees and $252.94 in costs, for a total of **$11,162.94**.


Dated:  April 20, 2020                                          /s/
                                                    The Honorable Gina L. Simms
                                                    United States Magistrate Judge